WHITCOMB *versus* SIMPSON & *al.*

If notes, secured by mortgage on land, are paid when or before they are due, by an absolute deed of the land mortgaged and other land, the title under the *mortgage* is thereby extinguished.

If, after an attachment of an equity of redemption, the mortgager convey the premises to the mortgagee by an absolute deed, for the consideration of the notes secured by the mortgage and other land, such grantee cannot hold the estate which may be duly levied on by virtue of the attachment, against such attaching creditor of the mortgager.

*Such attachment,* after the mortgage has been canceled, is made available only by a levy upon the land.

And no fraudulent *intent,* in the creditor making the attachment, will authorize the original mortgagee to revive his title under the mortgage after it has once been canceled.

ON REPORT from *Nisi Prius*, HATHAWAY, J., presiding. WRIT OF ENTRY. Plea, *nul disseizin.*

The plaintiff introduced a recorded deed from one Levi Green to himself, dated in 1827, of the demanded premises.

The tenant claimed title by a levy of an execution in his favor against John A. Whitcomb, the attachment on the writ having been made April 9, 1852. He also produced an office copy of a deed of warranty of the same from the plaintiff to said John A. Whitcomb, dated August 10, 1846, and recorded in Jan. 1851.

On April 2, 1852, Whitcomb mortgaged the premises to the plaintiff to secure payment of notes of between one and two hundred dollars, but it was never recorded, and was given up and canceled May 5, 1852, when a deed of the premises of that date was given by Whitcomb to plaintiff and duly recorded on May 6, of the same year. This deed was introduced by demandant.

It was in evidence by demandant, that the notes secured by the mortgage were paid by swapping places. When the absolute deed was given to the demandant, he gave up to Whitcomb the mortgage and notes as part consideration for the absolute deed. And then the mortgage and notes were canceled.

There was evidence tending to show, that the tenant knew of the mortgage before making his attachment.

The case was submitted to the Court, with power to draw inferences of fact as a jury might, and to render judgment according to the legal rights of the parties.

*C. P. Brown,* for tenant.

*Kent,* for demandant.

Tenney, J. — At the time the tenants made their attachment, the demandant held a mortgage of land, a part of which is the premises in dispute, for the security of sundry notes, amounting to a sum between one and two hundred dollars, against John A. Whitcomb; and the equity of redemption was owned by the latter. After this attachment had become perfect in all respects, the mortgager conveyed to the demandant, by an absolute deed, the whole of the land covered by the mortgage, and received the consideration therefor in the notes secured by the mortgage, and another farm. This transaction was on May 5, 1852, and the notes were given up to John A. Whitcomb, with the mortgage, which was canceled. The mortgage was never recorded; but as the demandant relies upon evidence, that the tenants had actual notice of its existence, before their attachment, for the purpose of considering the respective rights of the parties in this suit, it may be treated as duly registered.

To entitle the demandant to recover, the facts reported must show that the right to do so is with him. And when it appears that the mortgage of April 2, 1852 was canceled and given up, and the notes treated as paid, under the new bargain of May 5, 1852, without any fact in the case that the condition of the mortgage was broken, the breach cannot be assumed. If there was no breach of the condition, it was saved by the payment of the notes, and the cases of *Abbot* v. *Upton,* 19 Pick. 434, and of *Holman* v. *Bailey,* 3 Met. 55, cited by the defendants, are applicable.

If the condition of the mortgage was broken when it was canceled, and the notes given up, what are the rights of the

defendants? The contract between the demandant and John A. Whitcomb, on May 5, 1852, was executed, and intended by them to be so, in all respects without any condition. The notes which the former had held, were supposed to be paid, as much as they would have been by the delivery of money for them. The attachment operated to the injury of the demandant no more than it would if there had been no mortgage and notes, and he had paid the money for the land. He chose to pay a part of the consideration of the land in the mode adopted, when he had constructive notice of the attachment, and must have known of his exposure to loss, if he did not possess himself of all the facts which could have been obtained at the office of the Register of Deeds.

The case is unlike that of *Crosby* v. *Chase*, cited in the argument for the demandant, where it was intended by the parties to the absolute deed, that the mortgage and the notes secured thereby should remain to prevent the tenant from obtaining the land by an attachment and subsequent proceedings, when the attachment could not then be known with certainty, the statute providing for the notice at the Registry, not then having been enacted. Statute 1838, § 344. The notes and the mortgage did remain with the mortgagee in pursuance of the agreement.

It was by a recital in the absolute deed taken by the mortgagee in the case referred to, that the tenant relied to hold the land under his attachment and subsequent levy. The Court decided, that if the demandant was embarrassed by any estoppel supposed to result from his acceptance of the absolute deed, containing the recital, he was relieved by the course taken by the tenant, who in the exercise of his legal right, so far as the deed operated upon him, rode over and defeated it; and that he could not be permitted to defeat the deed for one purpose, and set it up for another.

In the case at bar, the demandant introduced the deed of John A. Whitcomb, dated May 5, 1852. The tenants in no manner, or for any purpose relied upon this deed. They

proved the fact, which was not disclosed by it, that the notes were intended by the holder and the maker to be paid; that they were paid, by land, a part of which is holden by the demandant, unincumbered by the tenant's levy, and were given up with the mortgage, which was canceled. At the time of the attachment, the tenants had secured by it the right in equity of redemption of that mortgage. This could not be taken from them by other parties. After they recovered their judgment and took their execution, it was under the Statute, c. 114, § 31, that they took the course pursued to make that attachment available. The sale of the right in equity of redemption, as it was when the attachment on mesne process was made, would necessarily deprive them of all benefit of that attachment. The parties to the mortgage had treated it as paid and canceled. The tenants could not set it up as outstanding, in opposition to the contract of those parties. If the tenants had caused a supposed right in equity to be sold when none existed, there could be no basis for a bill in equity to redeem in favor of the purchaser, and the demandant would hold the whole estate unincumbered.

The tenants have in no event obtained any benefit by any unlawful and fraudulent design, which they may have entertained, before making their attachment. A grantee, by recording his deed, can derive no benefit over a prior grantee from the same grantor, of the same land, in a deed unrecorded, if he has actual notice of the former, because the statute, c. 91, § 26, expressly forbids it. And an attaching creditor stands in the same relation. But neither are precluded from obtaining a title, where an interest remained in the grantor, not conveyed, which was a sufficient basis for the second conveyance, or an attachment, and the first grantee voluntarily surrenders his claim without any fault of the second grantee or the attaching creditor.

If the tenants, having actual notice of the mortgage, attempted to step in with their attachment, before its registry, and the notes and the mortgage had remained in force till

after the levy, the attempt could have taken away none of the rights of the demandant. But however fraudulent the intention of the tenants may have been, in this respect, if the mortgage was canceled by the mortgagee, this fraudulent intent alone, could not restore it to its former vigor. The tenants by their attachment and levy, derived no benefit from any fraudulent intent. They caused to be attached the mortgager's interest in the land, whatever it was. The interest was the right of redemption, and that was attachable; and they had a right to secure it. When judgment was obtained, they took the course authorized by the statute, to satisfy their execution.

It may admit of doubt, whether the tenants had such notice of the mortgage deed from John A. Whitcomb to the demandant, as to affect them. But the view which we have taken of the law applicable to the case, on the hypothesis that he had actual notice, supersedes the necessity of deciding that question of fact.　　　*Demandant nonsuit.*

SHEPLEY, C. J., and HOWARD, APPLETON and HATHAWAY, J. J., concurred.